IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
DARWIN LEE HOUSTON,             )
                                )    Bankruptcy No. 07-01798
        Debtor.                 )

## ORDER RE MOTION TO SET ASIDE ORDER APPROVING
## SETTLEMENT AND COMPROMISE

The above-captioned matter came on for hearing on November 4, 2008 on Debtor's Motion to set aside a previously granted order approving a settlement and compromise. Debtor appeared with Attorney Michael Mollman. Chapter 7 Trustee, Sheryl Schnittjer, was represented by Attorney Wesley Huisinga. Attorney John Schmillen appeared for the U.S. Trustee. The matter was argued after which the Court took the matter under advisement.

## STATEMENT OF THE ISSUES

Debtor Darwin Lee Houston filed a Chapter 7 petition in this Court. The Chapter 7 Trustee filed an adversary proceeding, Schnittjer v. Houston, Adv. No. 07-09196, seeking a Court determination that the conveyance of certain real estate interests as well as certain Conservation Reserve Program payments to Debtor's mother, Doreen L. Houston, constituted fraudulent transfers.

A hearing on Trustee's Motion for Summary Judgment was held and the Court entered a ruling on April 2, 2008 finding in favor of Trustee. The Court determined that Debtor's transfer of an undivided one-half interest in 155 acres of farm ground and his transfer of the CRP payments were void as fraudulent transfers and concluded Trustee was authorized to sell the property.

A judgment was entered and Debtor timely filed an appeal of this Court's determination with the U.S. District Court for the Northern District of Iowa. Ultimately, the parties presented the Court with a Motion for Compromise of Trustee's adversary proceeding and judgment. Trustee and Debtor agreed that Debtor would pay Trustee the sum of $100,000 in cash. In return for the payment of this sum, Trustee would take whatever steps were necessary to settle good title of the real estate with Debtor. In return, Debtor would dismiss his appeal upon completion of the settlement terms. The Motion for Compromise was filed on June

25, 2008 and, without objection, was approved by the Court in an order filed July 16, 2008.

The terms of the settlement were largely completed.  Debtor paid Trustee the sum of $100,000 on July 24, 2008.  On the same date, Trustee filed her Report of Abandonment of the property and recorded all appropriate documents with the Jones County, Iowa Recorder reflecting an abandonment of the real estate from the bankruptcy estate.

The event triggering Debtor's present Motion to Set Aside Order Approving Settlement and Compromise occurred on August 5, 2008 when the U.S. Trustee filed the present adversary proceeding.  This adversary proceeding, <u>Fokkena v. Houston</u>, Adv. No. 08-09107, asks the Court to revoke Debtor's previously granted discharge based upon allegations of failure to disclose assets.

On October 1, 2008, Debtor Darwin Houston filed the present Motion to Set Aside Order Approving Settlement and Compromise.  At the time Debtor filed this Motion, many of the settlement terms had been consummated with the exception that Debtor had not yet dismissed the pending appeal with the U.S. District Court.

Debtor asserts in his Motion that he had entered into an agreement with the U.S. Trustee's Office concerning his compromise and settlement in the previous adversary.  He states that the agreement was reached with the understanding that the settlement would be global in effect and resolve all issues between the parties.  Finally, he asserts that the U.S. Trustee's Office violated that agreement by filing the adversary proceeding attempting to revoke Debtor's discharge.  Based on these allegations, Debtor asks the Court to set aside the previously granted order approving the settlement or, alternatively, to dismiss the U.S. Trustee's complaint seeking to revoke the discharge.

The Chapter 7 Trustee filed a resistance to Debtor's Motion to Set Aside.  She asserts that the settlement has largely been consummated.  Debtor has paid the sum of $100,000 to Trustee.  In return, she has filed all appropriate documents placing good title in Debtor.  She has paid substantial tax liabilities for the estate and has disbursed other sums in reliance upon the settlement.  By way of affirmative response, Trustee asserts that the agreement reached in the original adversary proceeding was between the Chapter 7 Trustee and Debtor.  She asserts that the U.S. Trustee's Office was not a party to the adversary action and

2

had no part in that settlement.  No representations were made involving the U.S. Trustee in any manner.

The Chapter 7 Trustee seeks an order denying the motion to set aside the previously filed order approving the settlement and compromise.  In addition, she seeks an order directing that Debtor immediately dismiss the pending appeal with the U.S. District Court.  It should be noted that, on the same date that hearing was held in this matter, an order was entered by U.S. District Court Judge Edward J. McManus dismissing the appeal.  This order was filed on November 4, 2008, sometime after the hearing was held on Debtor's Motion to Set Aside Order Approving Settlement and Compromise.  The Order of Dismissal entered by Judge McManus was unrelated to any of the issues raised in the present hearing.

## ANALYSIS

Debtor's Motion to Set Aside Order Approving Settlement and Compromise is based upon the assertion that the U.S. Trustee's Office was in some manner a party to the negotiation and settlement of the previously filed adversary between the Chapter 7 Trustee and Debtor.  It appears that this assertion is based largely upon the argument that the Chapter 7 Trustee and the U.S. Trustee's Office are identical parties.  There is no factual assertion that this Court has been able to discern that the U.S. Trustee's Office made any representations directly to Debtor upon which Debtor relied in entering into the original settlement and compromise.  Debtor does not dispute that all representations made to Debtor in resolution of the original adversary action were made by the Chapter 7 Trustee.  In that regard, there is also no allegation that the Chapter 7 Trustee promised to Debtor that no adversary would be filed seeking to revoke Debtor's discharge, assuming for the purposes of this argument that the Chapter 7 Trustee even has such powers.

In summary, Debtor's argument is in two steps.  The first step argues that the settlement of the original adversary proceeding settled all issues between the Trustee and Debtor.  It is correct that the original settlement did resolve all issues between Debtor and the Chapter 7 Trustee to the extent that those issues were raised in the original adversary proceeding.  All terms agreed upon were set out in the settlement and all of the settlement terms were consummated with the exception of the dismissal of the appeal.  However, there is no language contained in any documentation, nor is there any factual assertion, that the Chapter 7 Trustee nor the U.S. Trustee's Office made any assertion that the settlement entered into between the Chapter 7

3

Trustee and Debtor involved an agreement with the U.S. Trustee's Office that no adversary proceeding seeking to revoke discharge would be filed by the U.S. Trustee's Office. In fact, all of the documentation as well as representations made by the parties confirms that the U.S. Trustee's Office was not a party, either directly or indirectly, in the filing of the original adversary proceeding nor its resolution.

Debtor's assumptions are based largely, if not entirely, upon Debtor's assumption that the U.S. Trustee and the Chapter 7 Trustee are the same entity and that the U.S. Trustee's Office is therefore bound by an asserted agreement between Debtor and the Chapter 7 Trustee. This assumption is incorrect. One of the duties of the U.S. Trustee is to supervise a panel of Chapter 7 trustees. 28 U.S.C. § 586(a)(1). He also appoints an interim trustee for every Chapter 7 case. 11 U.S.C. § 701(a)(1). The U.S. Trustee is treated as an officer of the United States. See In re Pomaville, 183 B.R. 187, 188 (Bankr. D. Minn. 1995). Either the Chapter 7 trustee or the U.S. Trustee may object to the granting of a discharge or request the Court to revoke a discharge. 11 U.S.C. § 727(c)(1), (d). Although the Chapter 7 trustee and the U.S. Trustee may possess a comity of interests, see In re Cooper, 302 B.R. 633, 637 (Bankr. N.D. Iowa 2003), they are two separate entities.

The Chapter 7 Trustee was acting within her powers when she filed the initial adversary proceeding against Debtor and resolved the same involving assets of the estate. The U.S. Trustee's role in this case is factually and legally separate. The U.S. Trustee did not make any inappropriate commitments to Debtor in the previously resolved adversary proceeding nor is the U.S. Trustee's Office bound by any representations made by the Chapter 7 Trustee in resolving the prior adversary proceeding. As Debtor's Motion is based upon certain incorrect assumptions, Debtor's Motion to Set Aside Order Approving Settlement and Compromise is not based on any legally recognizable theory of relief and must be denied.

**WHEREFORE**, Debtor's Motion to Set Aside Order Approving Settlement and Compromise is DENIED.

**FURTHER**, Debtor's Motion is based upon certain premises which have no factual or legal support.

**FURTHER**, the previously granted Order Approving Settlement and Compromise has largely been consummated. The U.S. Trustee's Office, as well as the Chapter 7 Trustee, seeks an order directing that Debtor dismiss the appeal which was pending before

the U.S. District Court at the time of this hearing.  The appeal has now been dismissed by separate Order of the U.S. District Court and no further action need be ordered by this Court.

**FURTHER**, the Chapter 7 Trustee seeks additional sanctions including attorney's fees.  The Court does not grant those fees and costs.

Dated and Entered: November 18, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE